UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| RODNEY E. MILLER | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 3:13-CV-380 JD |
| | ) |
| CAROLYN W. COLVIN, Acting | ) |
| Commissioner of Social Security, | ) |
| | ) |
| Defendant. | ) |

**OPINION AND ORDER**

This was an appeal of a final decision of the Defendant Commissioner of Social Security to deny benefits to the Plaintiff, Rodney E. Miller. The Court found in favor of Mr. Miller and remanded this case to the Commissioner for further proceedings, and the parties have now filed a Joint Stipulation to Award EAJA Fees in the amount of $6,000.00. [DE 30].

The EAJA provides that "a court may award reasonable fees and expenses of attorneys . . . to the prevailing party in any civil action brought by or against the United States or any agency." 28 U.S.C. § 2412(b). A party seeking an award of fees for a successful action against the government is entitled to recover his attorneys' fees if: (1) he was a prevailing party; (2) the government's position was not substantially justified; (3) there are no special circumstances that would make an award unjust; and (4) the application for fees is timely filed with the district court (that is, within thirty days after the judgment is final and not appealable). 28 U.S.C. § 2412(d)(1)(A), (B) and (d)(2)(G); *Cunningham v. Barnhart*, 440 F.3d 862, 863 (7th Cir. 2006); *Golembiewski v. Barnhart*, 382 F.3d 721, 723–24 (7th Cir. 2004). Attorneys' fees may be awarded if either the Commissioner's pre-litigation conduct, which includes the Administrative Law Judge's decision, or the Commissioner's litigation position lacked

substantial justification. *Cunningham*, 440 F.3d at 863; *Golembiewski*, 382 F.3d at 724. To be substantially justified, the Commissioner's position must have a reasonable basis in law and fact, and there must be a reasonable connection between the two. *Id.* The Commissioner has the burden of establishing that its position was substantially justified. *Id.*

Noting the parties' agreement that a fee award is justified in this case, the Court **GRANTS** the parties' stipulation [DE 30]. Accordingly, Mr. Miller is awarded an EAJA fee award in the amount of **$6,000.00**, to be paid directly to his attorneys, Frederick J. Daley, Jr. and Daley Disability Law, pursuant to the assignment entered between Mr. Miller and his attorneys, provided the Commissioner determines that Mr. Miller does not have any pre-existing debt to the federal government subject to offset. *Mathews-Sheets v. Astrue,* 653 F.3d 560, 565 (7th Cir. 2011) ("[I]f there is an assignment, the only ground for the district court's insisting on making the award to the plaintiff is that the plaintiff has debts that may be prior to what she owes her lawyer.") (citing *Astrue v. Ratliff*, 130 S. Ct. 2521 (2010) (holding that the EAJA prohibits payment of an award directly to a petitioner's attorney absent contractual and other assignment-based rights)). If Mr. Miller has any pre-existing debt to the federal government subject to offset, then the Commissioner may deduct such amounts from this fee award.

SO ORDERED.

ENTERED:  December 8, 2014

/s/ JON E. DEGUILIO
Judge
United States District Court

2